UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-CR-11-GFVT-REW-1 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| JOSEPH DAVID MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). *See* DE #35 (Minute Entry Order). Procedurally, the hearing followed Defendant's proper motion for a competency evaluation (DE #18), to which the United States did not object.[2] The Court ordered an evaluation, made custodial in light of Defendant's writ status.  DE #21 ¶ 5.

The evaluation occurred at FMC Lexington. DE #31 (Sealed Forensic Report). All parties had access to the resulting forensic evaluation report (referenced as the "Report") issued by licensed forensic psychologist Dr. Judith Campbell, Ph.D. *Id.*, DE #31-2 (CV of Dr. Campbell).

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

[2] At the motion hearing (DE #20), the Court noted that Defendant's motion referenced Federal Rule of Criminal Procedure 12.2 and sought to include criminal responsibility in the requested evaluation. The United States accepted the motion reference as sufficient notice under Rule 12.2 and orally moved under § 4242(a) to expand the competency evaluation to include criminal responsibility. The Court granted the oral motion. That report is also in the record, *see* DE #31-1, though irrelevant to competency.

In her thorough June 29, 2016, Report, Dr. Campbell opines that Martin is competent for further proceedings. *See* DE #31, at 8.

Upon receipt of the Report, the Court promptly set a competency hearing. *See* DE ##30, 34. During the course of the hearing on July 14, 2016, the parties stipulated to admissibility of the Report and the CV, to the Report's findings, and to the examiner's qualifications. *See* DE #35. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine Dr. Campbell. *Id.*

Section 4241 substantially codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure).

Ultimately, per § 4241(d) and based on the required hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United

States, though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976

(N.D. Ill. 2003) (burden on United States), *with United States v. Simmons*, 993 F. Supp. 168, 170

(W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the

proof is not disputed, and the Court need not resolve the burden allocation question, which is not

determinative. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that

argument over burden, in competency context, only matters in "narrow class" of cases where

proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the proof as to

current competency largely consists of the expert analysis of Dr. Campbell. In the Report, which

the Court views as comprehensive, Dr. Campbell thoroughly analyzed Defendant's history,

behavior, course of evaluation, and assessment performance. DE #31. Dr. Campbell personally

observed Martin via direct interview, *id.* at 1, and subjected him to psychological assessment, as

deemed appropriate. *Id.* at 2. Dr. Campbell received and reviewed investigative materials

regarding the alleged violations and the Court's orders regarding the examination. *Id.* at 1-2. The

evaluator also spoke with defense counsel and the prosecutor.

The Report described Martin's family life, educational background, work history, and

criminal history. The Report reflects that Martin had a previous history of substance abuse,

primarily involving alcohol and marijuana. *Id.* at 3. He denied ever receiving substance abuse

treatment, and he reported stopping drinking in 2000 and using marijuana in 1998. *Id.* Martin

further denied receiving any previous treatment for mental illness. *Id.* During the course of the

evaluation period, the Report states Martin was "pleasant, polite, cooperative, and articulate" and

"displayed no bizarre behavior, aggression, or behavioral management problems suggestive of

mental illness during his stay." *Id.* at 4. The Report further states that staff, which saw Martin for a 45-day stay at the facility, did not observe Martin "have any problems understanding or following directions"; he functioned "normally in carrying out his daily activities[.]" *Id.* "Overall, Mr. Martin's mental status and mood remained stable and well-controlled during the evaluation period." *Id.*

Dr. Campbell noted that she detected "no indication [Martin] was experiencing a thought disorder. His speech was coherent, organized, and goal-directed." *Id.* at 5. She observed that Martin's thoughts "were logical sequential, rational, and non-delusional" and "showed no signs of psychotic [] content." *Id.* The Report opines that Martin's overall performance in psychological testing suggested "average" to "high average" intellectual and cognitive capacity. *Id.* at 4. His responses to the MMPI-2 evaluation suggested a long-standing personality disorder, including a tendency "to be angry, sullen, mistrustful, and generally self-indulgent." *Id.* at 5. Further, as to competency, open-ended questioning indicated Martin "understands the various participants and proceedings" involving the current charges and "is able to assist his attorney in preparing his defense if he so chooses." *Id.* Ultimately, the Report states that the results of the psychological testing indicate Martin "was able to demonstrate a rational and factual understanding of the charges against him, an ability to recall the events leading up to the alleged offense behaviors, and an ability to assist his lawyer in preparing his defense is [sic] he so chooses." *Id.*

The Report provides a broad assessment of Defendant's history, condition, and circumstances. Dr. Campbell included a primary diagnosis of "Rule Out Pedophilic Disorder." *Id.* at 7. Dr. Campbell explained that the pending legal circumstances likely prevented full

4

disclosure by Martin regarding deviant sexual interest, rendering an actual diagnosis of "a specific paraphilia" currently unwarranted. *Id.* Dr. Campbell ultimately stated "Mr. Martin has not been diagnosed with a mental disease or defect." *Id.* The Report concluded that "Martin evidenced a thorough appreciation and understanding of his legal situation. He has not been diagnosed with a mental disorder which significantly impairs his perception of reality and there is no indication his perception or comprehension of his legal situation is presently impaired by mental illness." *Id.*

Dr. Campbell correctly identified and expertly applied the *Dusky* standard in determining that Martin is competent:

> In summary, Mr. Martin displayed a basic understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney regarding the charges against him should he so choose. Therefore, based on the available information, in the opinion of the undersigned evaluator, Mr. Martin is **not** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Martin **is** currently competent to stand trial.

*Id.* at 8. The Court now has had multiple hearings with Martin and has not independently observed behavior that conflicts with the examiner's conclusions. At no point during the pendency of this action has the Court perceived Martin as having difficulty in understanding the proceedings. In the courtroom, Martin's manner has been appropriate, and he has been responsive to the Court. He appears to understand and communicate rationally regarding case status and the legal proceedings. His lawyer confirmed this on the record.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Defendant is able to

understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Martin competent to face further proceedings, to include trial, in this matter.

*   *   *   *   *

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). To maintain the schedule, and given the approaching trial date and the parties' stipulations at the hearing, the objection deadline shall be July 21, 2016. The parties should consult 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b) for specific appeal rights and mechanics. Failure to object per Rule 59(b) waives a party's right to review.

This the 18th day of July, 2016.

Signed By:

Robert E. Wier

United States Magistrate Judge